## HOFFMAN VS. CLARK COUNTY.

*September 2 — September 23, 1884.*

*(1) Publication of list of unredeemed lands: Discretion as to time: Usage: Fraud. (2) Compensation for publication: Mistakes.*

1. Under sec. 1170, R. S., requiring the county clerk to cause a list of unredeemed lands sold for taxes, with a notice that unless redeemed they would be conveyed to the purchaser, to be published "*at least six months* before the expiration of the time limited for redeeming," a county clerk had authority, in his discretion, to commence the publication of such list and notice *sixteen months* before the expiration of the period of redemption, and the county is liable for the cost of such publication. It is immaterial that the publication was made at that time by collusion and fraud on the part of the publisher of the newspaper and the county clerk, or that it was customary to make the publication later.
2. If such list and notice are published in the newspaper as they are made out by the county clerk, omissions or defects therein (as the omission of the names of the persons to whom the different tracts were assessed) do not defeat the right of the publisher to compensation.

APPEAL from the Circuit Court for *Clark* County.

The plaintiff, the publisher of a newspaper in Clark county, presented to the county board his claim for the publication of a list of unredeemed lands which had been sold for taxes, together with the notice prescribed by sec. 1170, R. 'S. The claim was disallowed and the plaintiff appealed to the circuit court. Upon the trial in that court the plaintiff had a judgment, and the defendant appealed therefrom. Other facts will sufficiently appear from the opinion.

For the appellant there was a brief by *C. A. Youmans*, District Attorney, and *Merritt C. Ring*, of counsel, and the cause was argued orally by *Mr. Ring*. They contended, *inter alia*, that in construing sec. 1170, R. S., resort might properly be had to usage, and that the uniform custom to commence the publication in July or August next preceding

the expiration of the time limited for redemption constituted a construction which should be followed by the courts. Lawson on Usages, 462, sec. 223, and cases cited; *Harrington v. Smith*, 28 Wis. 43–68.

*Joseph Roy*, for the respondent, cited Blackwell on Tax Titles, 155, 156, 213; *Colman v. Shattuck*, 62 N. Y. 357; 22 Ala. 116; *Pond v. Negus*, 3 Mass. 230; *St. Louis Co. Ct. v. Sparks*, 10 Mo. 117; *Walker v. Chapman*, 22 Ala. 126. The term "at least" is used in the following sections of the Revised Statutes, among others, and plainly vests a discretion within certain limits: Secs. 413, 415, 418, 426, 427, 461, 689, 1171, 2845.

COLE, C. J.    The county insists that it is not liable for the publication of the list, because the county clerk had no legal authority to have the publication made when it was made. It is practically admitted that in the month of December, 1882, the county clerk delivered to the plaintiff a list of all the lands in the county which were sold for the unpaid taxes of 1880, and which were unredeemed, together with the usual notice that unless such lands were redeemed on or before the 17th and 18th days of May, 1884, the lands would be conveyed to the purchasers, and requested the plaintiff to publish the same in his newspaper once a week for twelve successive weeks; that the plaintiff first published the notice and list on the 28th day of December, 1882, and continued the publication for the requisite number of weeks.

Now, the main question is whether the plaintiff is entitled to the compensation provided by law for making this publication.    On the part of the county it is claimed that he is not, because the county clerk was not authorized to have the publication made so long before the time for redeeming the lands would expire.    The statute relating to this matter provides that the county clerk, "*at least six months before the expiration of the time limited for redeeming lands sold*"

for taxes, shall cause to be published, in a newspaper pub-
lished in his county, once a week for twelve successive weeks,
a list of all unredeemed lands, specifying each tract or lot,
the name of the person to whom assessed, if to any, and the
amount of taxes, charges, and interest, with a notice that
unless the lands be redeemed before the time limited they
will be conveyed to the purchasers.   Sec. 1170, R. S.

This is all there is in the statute prescribing the time and
manner of publication.   It will be seen that it is quite in-
definite as to the time when the publication shall be com-
menced.   Very much is left to the judgment and discretion
of the clerk in the matter.   However, the list and notice
must be published the requisite number of weeks before a
given time, which time shall be, at the lowest estimate, or
"at least," six months prior to the expiration of the period
of redemption.   But the statute does not declare that the
twelve weeks' publication shall be made or completed just
prior to the last six months for redeeming, which is the con-
tention of the county.   The doubt or difficulty in the con-
struction of the statute obviously grows out of the use of
the adverbial phrase " at least."   That is defined to mean,
" At the lowest estimate, or at the smallest concession or
claim " (Webst. Dict., word " Least "); " In the smallest or
lowest degree " (Imp. Dict.); " At the smallest number, or
at the lowest estimate " (Worcest. Dict.).   Here it evidently
means that the clerk cause the publication to be made at
least six months before a certain time, but how long before
that limit is not prescribed.   In this case the clerk saw
fit to cause the publication to be commenced some sixteen
months before the period of redemption would expire, and,
of course, several months before it need to have been com-
menced.   But we cannot say that the clerk had no legal
authority to make such an early publication.   On the con-
trary, we quite agree with the learned circuit court in the
view that the legislature has left the time of making or

commencing the publication, within certain limits, to the judgment and discretion of the county clerk, and that the courts cannot review the exercise of that discretion.

But it is said the list published by the plaintiff was not such as is contemplated by the statute, because it did not contain the names of the persons to whom the different tracts were assessed. It is said, on the other side, that this objection is taken in this court for the first time, and that no such issue was raised in the answer or on the trial. The circuit court found that the list did contain the names of the persons to whom the lands were assessed, but this finding was excepted to as being contrary to the evidence. The newspaper list sent up in the record certainly does not contain such names, as it manifestly should, in order to comply with the law on the subject. But if the county clerk failed to make out a proper list for publication, that fact should not defeat the plaintiff's right to compensation, providing he correctly published the list which was furnished him. The fault, if any there was, in making the list, was that of the clerk or assessor, and not that of the printer.

In the answer it was alleged that the publication of the list was made by or through collusion and fraud on the part of the plaintiff and clerk, with full knowledge that such publication was premature. Some evidence was offered in support of the answer, but was excluded, under objection, the court holding that the only question was whether the clerk had legal authority to have the publication made when it was. This ruling of the court is too obviously correct to require one word in its justification.

Again, it was shown on the trial that these lists are usually published severally months later in the season than this publication was made. But such usage or custom, if shown, could have no bearing on the question at issue. If the clerk had legal authority to have the publication made when it was, the county must make compensation. The

question of usage, in the view we have taken of the statute, cannot enter into the case, for it is a mere question as to the lawful authority of the clerk.

*By the Court.*— The judgment of the circuit court is affirmed.